OWEN, WILLIAM C., Jr., Senior Judge.
Appellant suffered an adverse summary judgment- on its three count complaint which sought a declaratory judgment to establish and have enforced its alleged agreement to settle, on behalf of its insured, a minor’s personal injury claim arising out of the insured’s negligence. We affirm.
The complaint alleged that the attorney for the injured minor had offered to settle the claim upon payment by appellant of the $10,000 limit of the liability policy issued to its insured, and that it had accepted the offer. Appellees filed a motion to dismiss *708 and noticed it for hearing. At the scheduled hearing the court took sworn testimony and entered summary judgment for the appellees, finding that there had been no settlement agreement because appellant's purported acceptance did not meet the terms of the settlement offer tendered it by appellees’ attorney.
The appellate issues as presented in the briefs included the propriety of the trial court (1) entering summary judgment at a hearing for which it had not been noticed, (2) entering summary judgment in favor of appellees who had not filed a motion for summary judgment and who had scheduled a hearing on their motion to dismiss, and (3) entering summary judgment in any event where there existed genuine dispute of material facts. Notwithstanding, at oral argument, counsel for appellant expressly waived any issue concerning the sufficiency of notice, the taking of testimony by the court and the argument that there were genuine issues of material fact. Rather, he insisted that there were no factual issues and argued only that the trial court, on the undisputed facts, should have found that there had been an offer and an acceptance and, thus, a valid settlement of the claim. Given this perspective as the single appellate issue with which we are confronted, we have no difficulty in concluding that the trial court correctly found there had been no acceptance of and compliance with the terms of settlement offer as made to appellant by appellees’ attorney. The judgment is therefore affirmed.
The trial court judgment reserved jurisdiction to consider the appellees’ request for attorney’s fees contained in their motion to dismiss. That issue is not before us. However, appellees filed in this court their motion for attorney’s fees pursuant to section 627.428 Florida Statutes. That motion is denied. Appellees are neither insureds nor named beneficiaries on the liability insurance policy issued by appellant.
GLICKSTEIN, C.J., and DELL, J., concur.